Ogden *v.* Riley.

---

### JOHN OGDEN vs. JONATHAN RILEY.

These words, " John Ogden has stole my marle ;" " You are a thief, you have stolen my marle," are not actionable.

The old rule, that words are to be taken in *mitiori sensu,* has been exploded, and the more rational one adopted, that words are to be taken in their plain and obvious meaning, in which the rest of the world naturally understand them.

This was an action on the case for words. The narration

contained several counts, and the defendant demurred to the first, third and fifth counts. The cause was submitted to the court without any argument at the bar.

*R. P. Thompson*, for plaintiff.

*A. L. Eakin*, for defendant.

The opinion of the court was delivered by

HORNBLOWER, C. J. The words charged to have been spoken by the defendant, in the first count, are " John Ogden has stole my marle ;" in the third count, the words are the same, with a little variation in the inuendo ; and in the fifth count, the words are, " You are a thief, you have stolen my marle." To these three counts there is a general demurrer, and a joinder therein.

Marle is a substance known, *eo nomine,* in the law. It is a kind of earth or mineral, (4 *Jac. Law Dict.* 242) and in its natural state, is a part of the freehold. There is nothing in the declaration to shew, that the marle spoken of, and said to have been stolen, had been previously dug up, or severed from the land or freehold.

That which is annexed to, and constitutes a part of the freehold, is not the subject of larceny ; and to charge a man with stealing that which cannot be stole, is not of itself, actionable. So to say " You are a thief, you stole my trees," or " You are a thief *for* you stole my trees," or, " *and* you stole my trees," is not actionable ; for by *trees,* when spoken of by that name, and not described as cut down or separated from the land, the law intends, trees standing or growing. When cut down or severed from the land, they become wood or brush, and may be the subject of theft. *Smith* v. *Ward, Cro. Jac,* 674 ; *Baker* v. *Pierce,* 6 *Mod.* 23.

So, " He is a thief *and* stole my furze," or " He stole iron bars out of my window," are not actionable for the same reason. 1 *Com. Dig.* 267, *F.* 4.

Formerly, a distinction was made between saying, "You are. a thief, you have stolen" or " *and* have stolen my trees," and saying, "You are a thief, *for* you have stolen, &c." But latter

opinions make no difference, if the words were spoken at the same time. *Smith* v. *Ward, Cro. Jac.* 674.

The words in the fifth count, are " You are a thief, you stole my marle." The latter words are explanatory of the former; they were all spoken at once, and the word " for" is as distinctly understood, as if it had been used. 1 *Com. Dig.* 207, *F.* 15 & 16 ; 3 *Arch. and Christ. Bl. Com.* 116 *in note.*

As therefore marle in its natural state, is part of the land, and as it is not shewn in the declaration that the words were spoken in reference to marle dug up, or severed from the freehold, I am of opinion the demurrer is well taken. At the same time, I confess if this was a new question, my reason might lead me to a different result, especially since the old rule, that words are to be taken *in mitiori sensu,* has been exploded, and the more rational one adopted, that the words are to be taken in their plain and obvious meaning, in which the rest of the world naturally understand them. (*Roberts* v. *Camden,* 9 *East.* 93 ; *Republic* v. *Keating,* 1 *Dall. R.* 114; *Rue* v. *Mitchell,* 2 *Dall. R.* 58 ; *Brown* v. *Lamberton,* 2 *Bin. R.* 34.

If a man says, " A is carting my marle," every body understands by it that the marle he is carting, has been dug up and separated from the land, and they so understand it, because it cannot be carted unless it is dug up, and I venture to say, that when a man charges another with stealing his trees or his marle, all the rest of mankind except lawyers, understand it in the same way, and for the same good common sense reason : viz, that he could not steal the trees or the marle unless the former was cut down or the latter dug up. The artificial reasoning is, that *trees,* or *furze,* or *marle,* being a part of the freehold and continuing so, cannot be stolen ; and *therefore* the slanderer must be understood to mean by stealing, a trespass only, or by the word " thief" a trespasser. But why not with more reason, understand him as he says ; and when he charges another with stealing trees, or marle, suppose he means, trees or marle, in a situation to be stolen. I do not see, why the word *thief* or *stole* when applied to trees, may not be considered as explanatory of trees cut down or severed, as the word *trees,* be considered as restraining the charge of theft to a mere trespass.

But as Holt, Chief Justice, said in the case cited from 6 *Mod.* "It is not worth while to be learned on this subject." We are bound by authorities, and judgment must be entered for the defendant on the demurrer.

FORD, J. concurred.

Judgment for defendant.

CITED in *Cole* v. *Grant*, 3 *Harr.* 332.